**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ABDIFATAH M. A.,

Petitioner,

v.

TODD BLANCHE, *Attorney General*; MARKWAYNE MULLIN, *Secretary of Homeland Security*; DAVID J. VENTURELLA, *Acting Director of U.S. Immigration and Customs Enforcement*; MARCOS CHARLES, *Acting Executive Associate Director, U.S. Enforcement and Removal Operations*; RYAN SHEA, *Sheriff of Freeborn County*; DAVID EASTERWOOD, *Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement*; SIRCE OWEN, *Acting Director for Executive Office for Immigration Review*; EXECUTIVE OFFICE OF IMMIGRATION REVIEW; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

Case No. 26-cv-3475 (LMP/DLM)

**ORDER GRANTING HABEAS PETITION**

---

Nicholas Ratkowski and Elizabeth Sue Eckholm, **Ratkowski Law, St. Paul, MN**, for Petitioner.

Worthington Phillips, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

---

[1] When used in this Order, "Respondents" or "Government" refer to the federal officials and entities named as Respondents. Respondent Ryan Shea, the Freeborn County Sheriff, has not participated in these proceedings.

Petitioner Abdifatah M. A.[2] brings a petition for a writ of habeas corpus, challenging the legality of his arrest and detention. For the following reasons, the petition is granted in part, and the Court orders the Government to provide Abdifatah with a bond hearing.

## BACKGROUND

Abdifatah is a native and citizen of Somalia who entered the United States on June 6, 2023. ECF No. 6 ¶¶ 4–5. Upon entering the United States, Abdifatah was detained by United States Border Patrol, placed into removal proceedings, and released on an order of recognizance. *Id.* ¶¶ 5–6; ECF No. 6-4 at 2. After being released, Abdifatah applied for asylum on October 2, 2023. ECF No. 6-4 at 3.

Eventually, Abdifatah moved to Minnesota, and on April 4, 2026, he was arrested in Dakota County on suspicion of driving while under the influence. ECF No. 6 ¶ 7. That same day, Immigration and Customs Enforcement ("ICE") issued an I-200 administrative warrant for Abdifatah's arrest. ECF No. 6-3. ICE officers arrested Abdifatah on April 6, 2026, as he was released from the Dakota County Jail. ECF No. 6 ¶ 9. On July 20, 2026, an immigration judge denied Abdifatah's asylum application and ordered him removed to Somalia. ECF No. 6-5. On August 17, 2026, Abdifatah appealed his removal order to the Board of Immigration Appeals.[3]

---

[2] The Court uses Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initial of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

[3] The Court takes judicial notice of Abdifatah's appeal from the EOIR Automated Case Information System.

Abdifatah filed this habeas petition on July 31, 2026, challenging the legality of his arrest and detention. ECF No. 1. As to his arrest, Abdifatah claims that he was arrested without a lawful warrant and that his arrest did not comply with the statutory requirements for a warrantless arrest. *Id.* ¶¶ 82–86, 103. As for his detention, Abdifatah asserts that his continued detention violates his procedural due process rights. *Id.* ¶¶ 87–97. The Court ordered the Government to respond to Abdifatah's petition no later than August 10, 2026, with any reply from Abdifatah due by August 17, 2026. ECF No. 3. Both the Government and Abdifatah timely provided that briefing. ECF Nos. 5, 7.

## ANALYSIS

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). The protections of habeas corpus extend to those in immigration detention. *See INS v. St. Cyr*, 533 U.S. 289, 305–06 (2001).

### I. Unlawful Arrest Claim

The Court can quickly dispatch Abdifatah's argument that he was unlawfully arrested without a warrant. ICE issued an administrative warrant for Abdifatah's arrest on April 4, 2026, ECF No. 6-3, and he was arrested by ICE officers two days later, ECF No. 6 ¶ 9. ICE officers therefore had "an administrative warrant in hand at the time of [Abdifatah's] arrest," which authorizes his arrest. *Felix Alberto J. M. v. Blanche*, No. 26-cv-2944 (LMP/DLM), 2026 WL 1906596, at *1 (D. Minn. July 2, 2026). And

contrary to Abdifatah's suggestion, the administrative warrant need not be served to be valid. *See Sinan O. v. Noem*, No. 26-cv-386 (LMP/JFD), ECF No. 14 at 4–6 (D. Minn. Feb. 3, 2026). Abdifatah's arrest was therefore lawful.[4]

## II. Unlawful Detention Claim

Abdifatah next asserts that his continued detention violates his procedural due process rights. ECF No. 1 ¶¶ 87–97. The Government argues that Abdifatah's detention is justified by the mandatory-detention provision of 8 U.S.C. § 1225(b)(2). ECF No. 5 at 1. Assuming that is accurate,[5] this Court has held that noncitizens who enter this country and develop "substantial connections within the United States" have a procedural due process right to a bond hearing when detained under 8 U.S.C. § 1225(b)(2). *Jesus Alejandro G. A. v. Blanche*, No. 26-cv-1932 (LMP/ECW), 2026 WL 1383138, at *5–12 (D. Minn. May 18, 2026). Like the petitioner in *Jesus Alejandro G. A.*, Abdifatah was "released from custody to live a productive life in the community." *Compare id.* at *11, *with* ECF No. 6-4 at 2.

---

[4] In his reply brief, Abdifatah argues that the Government did not comply with regulations governing the revocation of an order of release on recognizance. *See* ECF No. 7 at 6–10. But that claim appears nowhere in Abdifatah's petition, so the Court does not consider it now. *See Bhatti v. Fed. Hous. Fin. Agency*, 646 F. Supp. 3d 1003, 1015 (D. Minn. 2022) ("[A] plaintiff cannot amend his complaint in his briefing.").

[5] The Government argues that the reference to 8 U.S.C. § 1226 on the administrative warrant "does not commit the arrest to 8 U.S.C. § 1226." ECF No. 5 at 14 n.3. This Court has disagreed, explaining that, when as here, the Government releases a noncitizen on an order of recognizance and later arrests the noncitizen on a warrant of arrest invoking the authority of 8 U.S.C. § 1226, the Government has elected to premise the noncitizen's detention on 8 U.S.C. § 1226. *See Souleimane C. v. Blanche*, No. 26-cv-2215 (LMP/JFD), 2026 WL 1180075, at *2–4 (D. Minn. Apr. 30, 2026). The Court need not address that issue, though, since the remedy for that claim would be the same as the remedy the Court orders here for the procedural due process violation: a bond hearing. *See id.* at *4.

And Abdifatah has been in the United States longer than the petitioner in *Jesus Alejandro G. A.* *Compare* 2026 WL 1383138, at *1 (24 months), *with* ECF No. 6 ¶ 5 (37 months). And although Abdifatah does not describe any work history or community involvement in the United States, which would be relevant considerations in evaluating his ties to the United States, *see Jesus Alejandro G. A.*, 2026 WL 1383138, at *1, 11, on balance, Abdifatah's three-year residence in the United States, coupled with the decision of immigration officers in 2023 to release him into the community, weigh in favor of granting him a bond hearing. The Court will therefore grant Abdifatah's petition to the extent that it requests a bond hearing. *See id.* at *12.

**ORDER**

For these reasons, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Abdifatah M. A.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

1. The Government is **ORDERED** to provide Abdifatah M. A. with a bond redetermination hearing on the merits of his release no later than Tuesday, August 25, 2026.

2. If the Government does not provide Abdifatah M. A. with a bond redetermination hearing by August 25, 2026, as required by this Order, the Government is **ORDERED** to release Abdifatah M. A. from detention.

3. No later than Wednesday, August 26, 2026, the Government is **ORDERED** to provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 18, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge