**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ABDIFATAH M. A.,

Petitioner,

v.

TODD BLANCHE, *Attorney General*; MARKWAYNE MULLIN, *Secretary of Homeland Security*; DAVID VENTURELLA, *Acting Director of U.S. Immigration and Customs Enforcement*; MARCOS CHARLES, *Acting Executive Associate Director, U.S. Enforcement and Removal Operations*; RYAN SHEA, *Sheriff of Freeborn County*; DAVID EASTERWOOD, *Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement*; SIRCE OWEN, *Acting Director of Executive Office for Immigration Review*; EXECUTIVE OFFICE OF IMMIGRATION REVIEW; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

Case No. 26-cv-3475 (LMP/DLM)

**ORDER**

---

Nicholas Ratkowski and Elizabeth Sue Eckholm, **Ratkowski Law, St. Paul, MN**, for Petitioner.

Worthington Phillips, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

---

[1] When used in this Order, "Respondents" or "Government" refer to the federal officials and entities named as Respondents. Respondent Ryan Shea, the Freeborn County Sheriff, has not participated in these proceedings.

On August 18, 2026, this Court granted Petitioner Abdifatah M. A.'s[2] petition for a writ of habeas corpus and ordered Respondents (the "Government") to provide Abdifatah with a bond redetermination hearing no later than August 25, 2026. ECF No. 8. On August 25, 2026, the Government timely provided Abdifatah with a bond hearing, at which an immigration judge denied bond because Abdifatah was a flight risk. ECF No. 10. Abdifatah now moves for an order to enforce this Court's August 18 habeas order, arguing that the bond hearing he received was constitutionally inadequate. ECF No. 11. The Government has provided an audio recording of Abdifatah's bond hearing, ECF No. 13-4, which has greatly assisted the Court's resolution of Abdifatah's motion.

The Court's review of the bond hearing is limited. A federal district court may not "set aside" a decision to deny a noncitizen bond, nor may it review an immigration judge's "discretionary judgment" in reaching that decision. 8 U.S.C. § 1226(e). How an immigration judge weighs evidence and makes credibility findings is therefore beyond the Court's authority. *See Adejola v. Barr*, 439 F. Supp. 3d 120, 130 (W.D.N.Y. 2020). That said, a federal court may evaluate whether a bond hearing was constitutionally sufficient as a matter of due process. *See Gvritishvili v. Mullin*, No. 4:26-cv-3123, 2026 WL 1362439, at *1 (D. Neb. May 15, 2026); *Petra R. H. v. Schilling*, No. 26-cv-3077 (NEB/JFD), ECF No. 16 at 2 (D. Minn. Aug. 18, 2026); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022)

---

[2] The Court uses Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initials of any non-governmental parties in immigration cases. No disrespect is intended in doing so.

("Although [a court] lack[s] jurisdiction to review any discretionary determinations underlying the [immigration judge]'s bond decision, [it] may review whether the bond hearing was fundamentally unfair."). The bedrock of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation modified).

The crux of Abdifatah's argument is that his attorneys were not notified of his bond hearing, so he was unrepresented at the hearing. *See* ECF No. 11 at 2. That, in and of itself, is not a due process violation, particularly because Abdifatah's attorneys did not notice an appearance for his bond proceedings.[3] ECF No. 13 at 2; *see Singh v. Warden of Golden State Annex Facility*, No. 1:26-cv-00172-JLT-EPG, 2026 WL 1328508, at *5 (E.D. Cal. May 13, 2026).

Nevertheless, there were due process deficiencies in Abdifatah's bond hearing that call for a "redo" of the hearing. Noncitizens in removal proceedings have a statutory right

---

[3] An attorney who is not representing Abdifatah in this habeas petition had entered an appearance in his underlying removal proceedings in July 2023. ECF No. 13-2. But in immigration court, a bond proceeding is separate from the underlying removal proceedings, such that a notice of appearance filed in the removal proceedings does not act as a notice of appearance for the bond proceedings. ECF No. 11-1 ¶ 8. So, although Abdifatah's attorney received notices regarding his removal proceedings, she did not receive any notices regarding a bond hearing. ECF No. 11-1 ¶ 9. It also appears that a bond hearing case file is not even opened until a bond hearing is requested (or here, ordered by a federal court). *Id.* Although the immigration court can structure its case management system how it wishes, this Court suspects that this two-track system for entering notices of appearance renders bond decisions vulnerable to the type of claim made here: lack of notice to counsel. For now, attorneys who receive a federal court order granting a bond hearing should exercise initiative to communicate with the immigration court to learn the date of the bond hearing, rather than simply waiting for a notice of hearing that may not be forthcoming.

to counsel but at their own expense. 8 U.S.C. § 1362. Courts have persuasively concluded that when a noncitizen requests a continuance to be represented by their attorney at a bond hearing, this statutory right and the noncitizen's due process rights are violated if the immigration judge unreasonably denies that continuance. *See Lopez-Cruz v. Fields*, No. 26-196-DLB, 2026 WL 2271293, at *6 (E.D. Ky. Aug. 6, 2026) (explaining that courts "have held that proceeding with a hearing despite a noncitizen's statement that he had retained outside counsel violates the noncitizen's right to due process); *Mancia v. Bondi*, No. CV-26-01392-PHX-DWL (CDB), 2026 WL 1085090, at *3 (D. Ariz. Apr. 22, 2026) (citation modified) (explaining that "to infuse the critical right to counsel with meaning, [immigration judges] must provide [noncitizens] with reasonable time to locate counsel and permit counsel to prepare for the hearing"); *Joseph v. Warden Pike Cnty. Corr. Facility*, No. 3:25-cv-02428, 2026 WL 2445548, at *6 (M.D. Pa. Aug. 20, 2026); *Addemys N. R. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-03892-MWJS, 2026 WL 2206243, at *3 (E.D. Cal. July 30, 2026).

Here, the audio recording of the bond hearing reflects that Abdifatah stated several times that he was represented by an attorney and that he wanted to speak with his attorney. ECF No. 13-4 at 1:42–2:10, 3:43–3:58, 5:44–6:02, 11:15–11:20, 13:05–13:08. He even offered to call his attorneys to notify them of the bond hearing that same day. *Id.* at 3:57–4:16, 11:15–11:20. The immigration judge denied Abdifatah's request, citing two reasons to proceed with the bond hearing. First, she observed that no attorney had filed a notice of appearance in the bond proceeding. *Id.* at 2:08–2:30. That's true, but that's irrelevant. Abdifatah's statements to the immigration judge plainly informed her that he was

represented by an attorney, even if the attorney had not completed the formality of filing a notice of appearance. At that point, the immigration judge was required to reasonably accommodate Abdifatah's statutory right to counsel. *See Lopez-Cruz*, 2026 WL 2271293, at *6.

The second reason is more understandable. The immigration judge explained that this Court required the bond hearing to occur no later than August 25, 2026—that is, the day the bond hearing took place—so she could not continue the bond hearing without simultaneously violating this Court's habeas order. ECF No. 13-4 at 4:35–4:43. The Court recognizes that its order may have placed the immigration judge between a rock and a hard place, requiring her to either violate Abdifatah's due process rights by continuing with the bond hearing without counsel present, or violate this Court's order requiring a bond hearing no later than August 25, 2026.[4] Even so, the objective outcome of the immigration judge's decision was to deny Abdifatah his statutory right to be represented by his counsel. *See* 8 U.S.C. § 1362. Although the Court discerns no bad faith on the immigration judge's part, due-process principles require Abdifatah to receive a second bond hearing with adequate

---

[4] The Court says "may" because it is not clear that a continuance of Abdifatah's bond hearing would have invariably led to a violation of this Court's habeas order. It appears that Abdifatah's bond hearing was held during the morning of August 25, 2026. ECF No. 13-1. Abdifatah stated during the hearing that he was willing to call his attorneys that day to inform them of the bond hearing. ECF No. 13-4 at 3:57–4:16, 11:15–11:20. It is therefore possible that the immigration judge could have continued the bond hearing to the afternoon of August 25, after Abdifatah contacted his attorneys. And it is also possible that, after Abdifatah contacted his attorneys, they could seek an extension from this Court of the August 25 deadline to complete the bond hearing. *See Joseph*, 2026 WL 2445548, at *6.

notification to his attorneys.[5] *See Joseph*, 2026 WL 2445548, at 5 ("A violation of the fundamental right to counsel so undermines the structure of the hearing that it necessarily makes the proceedings fundamentally unfair.").

This case presents a learning moment for the Court. The Court has ordinarily imposed a one-week deadline for bond hearings to ensure that the noncitizen's entitlement to bond is expeditiously adjudicated. But this case illustrates that a firm deadline for a bond hearing may prove detrimental to the person whom the deadline is supposed to benefit. Moving forward, when ordering a bond hearing, the Court will continue to set a deadline for the completion of the hearing but will allow it to be waived by the consent of the noncitizen.

## ORDER

For these reasons, and based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Abdifatah M. A.'s Motion To Enforce the Judgment (ECF No. 11) is **GRANTED** as follows:

1. The Government is **ORDERED** again to provide Abdifatah M. A. with a bond redetermination hearing on the merits of his release. The hearing must occur no

---

[5] Although Abdifatah requests his immediate release, *see* ECF No. 11 at 4, the Court believes the appropriate remedy for the due process deficiencies in Abdifatah's bond hearing is a second bond hearing that remedies those deficiencies. The immigration judge did not violate the literal terms of this Court's habeas order, and she in fact endeavored in good faith to comply with the terms of that order by providing Abdifatah with a timely bond hearing by August 25. Under these circumstances, a redo of the bond hearing is the appropriate remedy. *See Nebraska v. Biden*, 52 F.4th 1044, 1048 (8th Cir. 2022) (citation modified) (explaining that "the scope of injunctive relief is dictated by the extent of the violation established" and should be "no more burdensome to the defendant than necessary to provide complete relief to the plaintiff[]").

later than Monday, September 21, 2026. This deadline may be waived by Abdifatah's consent.

2. The Government shall give Abdifatah's counsel 48 hours' notice of his second bond hearing. Abdifatah's attorneys are Nico Ratkowski (nico@ratkowskilaw.com) and Elizabeth Sue Eckholm (liz@ratkowskilaw.com) of Ratkowski Law in St. Paul, Minnesota.

3. No later than Tuesday, September 22, 2026, the Government is **ORDERED** to provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order or if Abdifatah consented to a continuance. If the bond hearing was continued, a supplemental status report shall be provided to the Court within 48 hours of the bond hearing.

Dated: September 11, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge