**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ABDIFATAH M. A.,

Petitioner,

v.

TODD BLANCHE, *Attorney General*; MARKWAYNE MULLIN, *Secretary of Homeland Security*; DAVID VENTURELLA, *Acting Director of U.S. Immigration and Customs Enforcement*; MARCOS CHARLES, *Acting Executive Associate Director, U.S. Enforcement and Removal Operations*; RYAN SHEA, *Sheriff of Freeborn County*; DAVID EASTERWOOD, *Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement*; SIRCE OWEN, *Acting Director of Executive Office for Immigration Review*; EXECUTIVE OFFICE OF IMMIGRATION REVIEW; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

Case No. 26-cv-3475 (LMP/DLM)

**ORDER**

---

Nicholas Ratkowski and Elizabeth Sue Eckholm, **Ratkowski Law, St. Paul, MN,** for Petitioner.

David R. Hackworthy and David W. Fuller, **United States Attorney's Office, Minneapolis, MN,** for Respondents.[1]

---

[1] When used in this Order, "Respondents" or "Government" refer to the federal officials and entities named as Respondents. Respondent Ryan Shea, the Freeborn County Sheriff, has not participated in these proceedings.

On August 18, 2026, this Court granted Petitioner Abdifatah M. A.'s[2] petition for a writ of habeas corpus and ordered the Government to provide Abdifatah with an individualized bond redetermination hearing before an immigration judge no later than August 25, 2026. ECF No. 8. On August 25, 2026, the Government timely provided Abdifatah with a bond hearing, at which an immigration judge denied bond, finding Abdifatah was a flight risk. ECF No. 10.

On September 1, 2026, Abdifatah moved to enforce this Court's August 18 Order, arguing that the bond hearing he received was constitutionally inadequate because his counsel was not present at the hearing. ECF No. 11. The Court reviewed an audio recording of Abdifatah's bond hearing, ECF No. 13-4, and held that "due-process principles require Abdifatah to receive a second bond hearing with adequate notification to his attorneys," ECF No. 14 at 5–6. On September 18, 2026, Abdifatah received a second bond hearing, and an immigration judge denied bond, finding Abdifatah to be both a danger to the community and a flight risk. ECF No. 17, Ex. A.

Abdifatah now moves a second time to enforce this Court's August 18 Order, arguing that the second bond hearing was constitutionally deficient. ECF No. 16 at 4-5. For instance, he argues that he erroneously bore the burden of establishing that he is neither a danger nor a flight risk,[3] ECF No. 16 at 5–8, that he did not have a reasonable opportunity

---

2 The Court uses Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initials of any non-governmental parties in immigration cases. No disrespect is intended in doing so.

3 No decision from the Supreme Court or the Eighth Circuit establishes whether a detained noncitizen bears the burden in establishing that he is not a flight risk or a danger to the community. At least one judge in this District has identified the long-established

to examine one of the officers who wrote the police reports on which the immigration judge relied, *id.* at 8–16, and that the record does not support a finding of flight risk, *id.* at 16–18.

As Abdifatah correctly points out, the Court's review of his bond hearing is limited. ECF No. 16 at 4. A federal district court may not "set aside" a decision to deny a noncitizen bond, nor may it review an immigration judge's "discretionary judgment" in reaching that decision. 8 U.S.C. § 1226(e). How an immigration judge weighs evidence and makes credibility findings is therefore beyond the Court's authority. *See Adejola v. Barr*, 439 F. Supp. 3d 120, 130 (W.D.N.Y. 2020). But a federal court may evaluate whether a bond hearing was constitutionally sufficient as a matter of due process. *See Petra R. H. v. Schilling*, No. 26-cv-3077 (NEB/JFD), ECF No. 16 at 2 (D. Minn. Aug. 18, 2026); *Gvritishvili v. Mullin*, No. 4:26-cv-3123, 2026 WL 1362439, at *1 (D. Neb. May 15, 2026); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although [a court] lack[s] jurisdiction to review any discretionary determinations underlying the [immigration judge]'s bond decision, [it] may review whether the bond hearing was fundamentally unfair.").

At the core of due process is the opportunity "to be heard," and for an individual to "enjoy that right they must first be notified." *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (citation modified). Here, Abdifatah does not argue that he was denied the opportunity to

---

"general rule" that at a bond hearing under 8 U.S.C. § 1226(a), the noncitizen has the burden to "convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Pedro O. v. Garland*, 543 F. Supp. 3d 733, 736 (D. Minn. 2021) (Tostrud, C.J.) (citation modified).

be heard, nor does he claim that either he or his counsel was deprived of notice of the hearing. Abdifatah's counsel admits that he was "present, prepared, and heard at length" at the September 18 bond hearing. ECF No. 16 at 19. But Abdifatah contends that he did not have an "opportunity to be heard 'in a meaningful manner.'" ECF 16 at 10 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Abdifatah is correct that the opportunity to be heard "at a meaningful time and in a meaningful manner" is the bedrock of due process. *Eldridge*, 424 U.S. at 333 (citation modified). But Abdifatah's counsel had the opportunity to present evidence relevant to whether Abdifatah presents a danger to the community or risk of flight. *See* ECF No. 17-4 at 53–110. Based on the record evidence provided to this Court, the bond hearing lasted more than 40 minutes with additional time taken by the immigration judge to review and to consider the arguments and the exhibits provided by Abdifatah's counsel and the Government's counsel.[4] *See* ECF No. 17-1; ECF No. 17-2. The immigration judge was not persuaded to order bond and explained why in his oral order. ECF No. 17-1 (33:35–39:20); ECF No. 17-2 at 23–25; *see also* ECF No. 17-3 at 29–30.

Abdifatah insists that he is not asking this Court to "reweigh the evidence, to substitute its judgment for the Immigration Judge's, or to set bond," but instead challenges

---

[4] The immigration judge, for example, commented: "I am going to be denying bond in this particular case. I heard both sides make arguments. This actually went longer than most bond hearings. I did take some time to take an additional look at what was filed this morning by Respondent's counsel, and I wanted to make sure I went through all that." ECF No. 17-1 (33:48–34:16); ECF No. 17-2 at 23. The Court separately notes that, having participated in hundreds of criminal bond hearings, the length of time given for argument and the evidentiary record submitted by both parties for the immigration judge's consideration, compares favorably to any criminal bond hearing in federal court.

the adequacy of the government's compliance with the Court's August 18 Order. ECF No. 16 at 2. The Court appreciates that distinction, but Abdifatah has already obtained the relief the Court awarded. The Court ordered that he be given a bond hearing before an immigration judge. *See* ECF No. 8. The Government did what the Court ordered: they afforded Abdifatah a bond hearing with his counsel present and provided a status update. *See* ECF No. 15. Abdifatah's arguments about any errors in his bond hearing are better directed at the Board of Immigration Appeals, not this Court. *See id.* at 2.[5]

For these reasons, and based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Abdifatah M. A.'s Second Motion To Enforce Judgment (ECF No. 16) is **DENIED**.

Dated: October 8, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

---

[5] Abdifatah requests his immediate release, *see* ECF No. 16 at 19–21, but the Government did not violate this Court's habeas order. Given that the second bond hearing complied with this Court's order, the appropriate remedy for Abdifatah is an appeal of the immigration judge's order denying bond to the Board of Immigration Appeals. *See Nebraska v. Biden*, 52 F.4th 1044, 1048 (8th Cir. 2022) (citation modified) (explaining that "the scope of injunctive relief is dictated by the extent of the violation established" and should be "no more burdensome to the defendant than necessary to provide complete relief to the plaintiff[]").